UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN WOODSON, INDIVIDUALLY | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2107 |
| | § | |
| HALLIBURTON, A CORPORATION, ET AL, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is the defendants'[1] motion to dismiss. Dkt. 7. After considering the parties' arguments, the evidence, and the applicable law, the court concludes that the case presents a non-justiciable political question. Accordingly, the court lacks jurisdiction to hear this case. Therefore, the defendants' motion to dismiss is GRANTED.

## BACKGROUND

The facts as alleged in the plaintiff's original complaint (Dkt. 1.) are as follows. In 1985, as part of a program to augment Army forces, the United States Army implemented the Logistics Civil

---

[1] The defendants filing the motion are Halliburton Company; Kellogg, Brown & Root, Inc.; Service Employees International, Inc.; Kellogg, Brown & Root Services, Inc.; DII Industries, LLC; and Kellogg, Brown & Root International, Inc. The court does not consider these defendants' other motion to dismiss, (Dkt. 10) or the defendant Strategic Ecomm Inc.'s motion to dismiss, (Dkt. 17) because its decision here renders the motions moot.

Augmentation Program or LOGCAP. Under LOGCAP,[2] the Army awarded Brown & Root Services (KBR) contract No. DAAA09-02-D-0007 to provide essential services in support of the military in Iraq. Military Task Orders 43 and 59 defined KBR's specific tasks, including the transportation services at issue in this case. To fill the jobs created by the contract, KBR recruited civilian personnel.

In December 2003, the plaintiff John Woodson left his then-current employment to work for KBR as a truck driver in Iraq. Woodson was first transported to Kuwait and later assigned to deliver fuel from his station at Camp Anaconda, Iraq, to specified locations in the Area of Operations. On October 28, 2004, the Woodson's convoy was deployed into an area that had been subjected to continuous attack by anti-American factions. Woodson's convoy came under fire along its route. As a result, Woodson was seriously injured and wounded.

The plaintiff's claims include fraud and deceit, fraud in the inducement, intentional concealment of material facts, intentional misrepresentations, negligence and gross negligence, section 1983 civil rights claims, intentional infliction of physical and emotional injuries, common law conspiracy to commit fraud, R.I.C.O. violations, and conspiracy to commit R.I.C.O. violations. Due to the malicious nature of the alleged acts, the plaintiff seeks exemplary damages.

---

[2.]   The court used definitions of Army terms and acronyms from the Records Management and Declassification Agency website. This database is available to the public at http://www2.arims.army.mil/abbreviation/MainMenu.asp.

### POLITICAL QUESTION

The court recently considered a motion to dismiss in a nearly identical case brought by plaintiffs of a different convoy attacked by Iraqi insurgents on April 9, 2006. The facts, arguments, and evidence are significantly similar. Accordingly, the courts adopts, in its entirety, the reasoning from its memorandum and order dismissing *Fisher v. Halliburton*, for lack of jurisdiction. *Fisher v. Halliburton*, No. H-05-CV-1731, at Dkt. 164 (S.D.Tex. Sep. 22, 2006).

The factual record before the court in the case at bar is not as well-developed as the factual record in *Fisher v. Halliburton*. However, the record does contain the identical governing contracts to those in *Fisher*. And as in *Fisher*, the LOGCAP contract and Task Order 59 expressly state that the Army had sole responsibility for force protection for civilian contractors.[3] Even in the unlikely event that the court were to find that the act of deploying the convoy was the sole responsibility of the defendants, the adequacy of the force protection provided to that convoy and the myriad of other decisions made by the Army and the defendants relating to which route to take, the accuracy and timeliness of intelligence on the possible routes, and the manner in which the convoys should travel, could not be divided into discrete parts attributable to the defendants and the Army. Therefore, the court finds that it cannot try this case without an impermissible intrusion into powers expressly granted to the Executive by the Constitution.

---

[3.]   For the relevant portions of the LOGCAP contract and Task Order 59, see Dkt. 9, Exhibit C, at 00004 & 00076.

## CONCLUSION

For the foregoing reasons, and the reasons enumerated in *Fisher v. Halliburton*, the court finds that it lacks jurisdiction to hear the above-styled case, because it presents a non-justiciable political question. Accordingly, the defendants' motion to dismiss is GRANTED. Dkt. 7. The case is DISMISSED for want of jurisdiction.

It is so ORDERED.

Signed at Houston, Texas, on September 28, 2006.

_____
Gray H. Miller
United States District Judge